UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GRANZELLA and CHARLENE DELUCA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation and LONGS DRUG STORES CALIFORNIA, LLC, a California Limited Liability Company,<br><br>Defendants. | No. 2:14-cv-0518 KJM DAD<br><br>ORDER |

Pending before the court is plaintiffs' ex parte application for an order shortening time to hear plaintiffs' motion to compel, or alternatively, order authorizing discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule"). (Dkt. No. 11.) Therein, plaintiffs argue that prior to the removal of this matter from the Sacramento County Superior Court plaintiffs served defendants with discovery requests, defendants refuse to respond to those discovery requests prior to the Rule 26(f) conference scheduled for June 26, 2014, and that plaintiffs need the responses to their discovery requests in order to oppose defendants' motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, noticed for hearing before the assigned District Judge on April 11, 2014.

1

An application to shorten time "will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order . . ." E.D. Cal. Local Rule 144(e.)  Plaintiffs argue that there is a need to hear their motion to compel on shortened time because they need the responses to their discovery requests in order to oppose defendants' pending motion to dismiss.

Despite the fact that plaintiffs have already filed their opposition to defendants' motion to dismiss, (Dkt. No. 9), plaintiffs argue that they need the discovery responses "in the event the court disagreed with plaintiffs' oppositions papers," because the discovery sought by them would reveal the identities of other putative class members who could serve as new class representatives. (Pl.'s Mot. (Dkt. No. 11) at 14.)[1]  In this regard plaintiffs argue that this "case is . . . similar to Mann and Pena."  (Id.)

The issue in Mann v. Metro. Life Ins. Co., No. 99-CV-36, 1999 WL 33453411 (W.D. Va. July 9, 1999), however, was simply whether discovery requests served prior to the removal of an action remained valid.  The court in Mann, found that they did, holding that "the removal of the instant case from state to federal court did not affect the validity and force of plaintiff's requests for admissions . . . ."  The issue presently before this court, however, is not the continued validity of the discovery requests served by plaintiffs prior to the removal of this action, but rather whether plaintiffs' motion to compel responses thereto should be heard on shortened time.

With respect to the decision in Pena referred to by plaintiffs, the court there did find good cause to grant an ex parte motion to shorten time.  Pena v. Taylor Farms Pacific, Inc., No. 2:13-cv-1282 KJM AC, 2013 WL 3933934, at *4 (E.D. Cal. July 29, 2013).  The court in Pena noted that the plaintiffs initiated that action on February 17, 2012, that on October 10, 2012, a case management order was entered, the deadline for class certification was set for August 13, 2013, the matter was removed to federal court on June 26, 2013, and defendants filed a motion to dismiss on July 19, 2013, which was set to be heard on August 16, 2013.

/////

---

[1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

y

Presented with those facts, the court found that,

> Because this case management order was in effect at the time this was case removed and further because Judge Mueller has not "dissolved or modified" through the order setting a scheduling conference or her Standing Order, those deadlines "shall remain in full force and effect." 28 U.S.C. § 1450.

Id. at *3.  Accordingly, the court in Pena held that since the assigned District Judge had "not dissolved or modified that case management order," the parties were facing "fast-approaching deadlines," and, therefore, there was "good cause" to grant the ex parte application shortening the deadline to meet and confer pursuant to Rule 26(f).  (Id. at *5.)

Unlike in Pena, however, this case was removed from state court shortly after it was commenced and there is no case management order in place pushing the parties toward any fast approaching deadline.[2]  Instead, the only approaching deadline referenced by plaintiffs' argument is the noticed hearing on defendants' motion to dismiss scheduled for April 11, 2014.

The defendants' motion to dismiss was filed on February 28, 2014, six weeks prior to the noticed hearing date, and more than four weeks prior to the filing of plaintiffs' ex parte motion.  (Dkt. No. 4.)  Thus, plaintiffs have had ample time to review the motion to dismiss and file a notice of motion to compel for hearing before the undersigned on twenty-one days' notice as provided by Local Rule 251.  At a minimum, plaintiffs should have brought their motion far earlier than 10 days prior to the scheduled hearing of defendants' motion.  Even if plaintiffs had provided a satisfactory explanation for their need for a hearing on shortened time, which they have not, and ignoring any possible unavailability of or prejudice to the defendants, the earliest the court could hear plaintiffs' motion to compel is April 4, 2014, a mere seven days prior to the hearing of defendants' motion to dismiss.  Obviously, that would leave little, if any, time for defendants to comply with any order granting the motion to compel.[3]

---

[2] Plaintiffs filed their original complaint in the Sacramento County Superior Court on December 30, 2013, and the matter was removed to this court on February 21, 2014.  (Dkt. No. 1 at 1.)

[3] Of course, if the assigned District Judge concludes that the requested discovery is necessary for a fully informed consideration of defendant's motion to dismiss, the hearing of that motion could be continued to allow time either for a Rule 26(f) conference and/or the filing of a motion to compel discovery with a decision rendered with respect to that motion to compel.

1  Accordingly, for the reasons stated above, plaintiffs' ex parte application to shorten time
2  (Dkt. No. 11) is denied.
3  Dated:  April 1, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\granzella0518.ost.den.ord.docx