UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GRANZELLA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., et al.,<br><br>Defendants. | No.  2:14-CV-00518-KJM-DAD<br><br><br><br>ORDER |

   CVS Pharmacy, Inc. and Longs Drug Stores California, LLC ("defendants") move to dismiss the putative class claims of Kimberly Granzella and Charlene Deluca ("plaintiffs"). Defs.' Mot. to Dismiss ("Mot.") at 1–2, ECF No.4.  The court heard argument on April 11, 2014.  Mark Velez and Kellen Crowe appeared for plaintiffs, while Michael Leggieri and Michael Brewer appeared for defendants.

   For the reasons below, the court GRANTS the motion.

I.  BACKGROUND

   Plaintiffs Granzella and Deluca are, respectively, former and current employees of defendants.  First Am. Compl. ("Compl.") ¶¶ 15, 16, 39, 41, ECF No. 1-1.  Defendants are merchandise and drug companies operating retail stores throughout California.  *Id.* ¶ 6.

Plaintiff Granzella began working as a pharmacy assistant for defendants in September 1999. *Id.* ¶ 39. Since 2005, she has suffered from lupus, a "painful chronic inflammatory condition which occurs when the body's immune system attacks the body's organs or tissue." *Id.* In early May 2009, her "medical providers excused her from work due to her Lupus condition." *Id.* ¶ 41. Subsequently, in late June 2009, defendants terminated her employment. *Id.*

Plaintiff Deluca is a current employee of defendants. *Id.* ¶ 46. She "has missed work days due to illness"; however, each time, she has "returned to work within 45-days [sic] and has worked consecutive hours during a 45-day period." *Id.*

Plaintiffs filed suit in the Superior Court of California, County of Sacramento, on December 30, 2013. Defs.' Req. for Judicial Notice ("RJN"), Ex. C, ECF No. 6. Plaintiff Granzella alleges disability discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE §§ 12960–12976, Compl. ¶¶ 50-59, while plaintiff Deluca seeks injunctive relief on the same grounds, *id.* ¶¶ 46-49. Both plaintiffs seek to represent a class: plaintiff Granzella seeks to represent a monetary relief class, *id.* ¶ 24, and plaintiff Deluca seeks to represent an injunctive relief class, *id.* ¶ 25.

In the complaint, plaintiffs allege that defendants practice a corporate policy whereby any employee who does not work for forty-five consecutive days is automatically terminated. *Id.* ¶¶ 17, 34. According to the allegations, although defendants' official documentation makes no reference to the policy and employees are not informed of it, *id.* ¶ 34, defendants relied on the policy to terminate 36.82 percent of their California employees—over two thousand individuals—between October 2008 and December 2010, *id.* ¶ 38. Thus, plaintiffs conclude, in automatically terminating employees who miss forty-five consecutive days of work for medical reasons, defendants discriminate against disabled employees in violation of the FEHA. *Id.* ¶¶ 36-37.

On the basis of diversity jurisdiction, defendants properly removed to this court on February 21, 2014.[1]  Notice of Removal at 1, ECF No. 1.

II.        STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal is proper where "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), it "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]," "'labels and conclusions' [and] 'formulaic recitation[s] of the elements of a cause of action'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and courts "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party," *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not, however, apply to

---

[1] "[U]nincorporated associations are not legal entities independent of their members. . . . [A]n LLC is a citizen of every state of which its . . . members are citizens." *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (citation omitted).  Here, Longs Drugs Stores California, LLC is a California limited liability company.  Moffatt Decl., Ex. 1 at 2, ECF No. 19-2. However, its sole member is Longs Drugs Stores, LLC, a Maryland limited liability company.  *Id.*, Ex. 1 at 7.  In turn, the sole member of Longs Drugs Stores, LLC is CVS Pharmacy, Inc., a Rhode Island citizen.  *Id.*, Ex. 2 at 7, ECF No. 19-3.  Diversity jurisdiction is thus proper under 28 U.S.C. § 1332. *Johnson*, 437 F.3d at 899–900.

1  "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286
2  (1986), *quoted in Twombly*, 550 U.S. at 555, or to "allegations that contradict matters properly
3  subject to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
4  2001).

5  III.     ANALYSIS

6      A.  Plaintiff Granzella's Claims

7          Defendants argue first that plaintiff Granzella's claims must be dismissed
8  because they are time barred. Mot. at 1, 3. They insist that, after filing a verified charge with
9  the DFEH and receiving a right-to-sue notice, a plaintiff must file any civil action within one
10 year of the date of that notice. *Id.* at 3. Because plaintiff Granzella was issued the notice on
11 May 2, 2011 but did not file suit until December 20, 2013, defendants conclude the action is
12 untimely. *Id.* at 3–4. Further, defendants contend, plaintiff Granzella identifies no legitimate
13 basis for tolling the statute of limitations on the face of her complaint. *Id.* at 5–8.

14         In response, plaintiff Granzella argues that her "basis for equitable tolling raises
15 a triable issue of fact as to whether equitable tolling principles rendered her late DFEH filing
16 timely" and that "[t]hese triable issues of fact should not be disposed [of] with a 12(b)(6)
17 motion." Pls.' Opp'n to Mot. ("Opp'n") at 5, ECF No. 9. Rather, plaintiff Granzella continues,
18 she should "[a]t a minimum, . . . be allowed to amend her complaint to set forth her equitable
19 tolling factors." *Id.* at 5–6.

20         "As with the limitations period itself, [federal courts] borrow . . . rules for
21 equitable tolling of the period from the forum state . . . ." *Cervantes v. City of San Diego*, 5
22 F.3d 1273, 1275 (9th Cir. 1993); *see also Pinder v. Emp't Dev. Dep't*, No. CIV.S-13-817
23 LKK/AC, 2013 WL 4482955, at *8 (E.D. Cal. Aug. 20, 2013) (applying *Cervantes* to state law
24 claim in federal court). In California, equitable tolling is a "judicially created, nonstatutory
25 doctrine" that "operates independently of . . . codified sources of statutes of limitations."
26 *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (citations omitted).
27 The purpose of the doctrine is to "suspend or extend a statute of limitations as necessary to
28 ensure fundamental practicality and fairness" and to "serve[] the need for harmony and the

avoidance of chaos in the administration of justice." *Id.* at 99–100 (citations and internal quotation marks omitted).

"Broadly speaking, the doctrine applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one," *id.* at 100 (citations and internal quotation marks omitted), including "*voluntary* pursuit of alternate remedies," *id.* at 101 (emphasis in original). "The filing of an administrative claim, whether mandated or not, affords a defendant notice . . . and thereby satisfies the principal policy behind the statute of limitations." *Id.* at 102 (citation omitted). Courts should thus "liberally apply tolling rules . . . to situations in which the plaintiff has satisfied the notification purpose of a limitations statute." *Id.* (citation and internal quotation marks omitted).

California law permits equitable tolling only where the plaintiff shows: (1) "timely notice"; (2) "lack of prejudice[] to the defendant"; and (3) "reasonable and good faith conduct on the part of the plaintiff." *Id.* (citations and internal quotation marks omitted). The plaintiff is "require[d] . . . [to] have acted reasonably and in good faith *both* when it first filed the [initial, administrative complaint] *and* when it later waited . . . to file" an action in court. *Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1036 (9th Cir. 1983) (emphasis in original) (applying California law) .

Additionally, "plaintiffs seeking to toll the statute of limitations . . . must have included the allegation in their pleadings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). Where plaintiffs fail to "present[] any facts that would warrant equitable tolling," a claim filed outside the statute of limitations must be dismissed. *Rucker v. Sacramento Cnty. Child Protective Servs.*, 462 F. App'x 762, 763 (9th Cir. 2011) (citing *Scholar v. Pac. Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992)). However, the court may grant leave to amend "to plead facts supporting the application of equitable tolling." *Lima v. Am. Home Mortg. Servicing, Inc.*, No. C 09-3561 CW, 2010 WL 144810, at *4 (N.D. Cal. Jan. 11, 2010). A statute-of-limitations defense is properly raised on a motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted).

Here, defendants terminated plaintiff Granzella's employment in June 2009, Compl. ¶ 41, and she filed a DFEH charge against defendants on April 28, 2010, RJN, Ex. A. The DFEH issued a right-to-sue notice on May 2, 2011, which stated that plaintiff "may bring a civil action on [her] own behalf . . . within one year from the date of this notice." *Id.*, Ex. B. Subsequently, on April 18, 2012, the DFEH issued plaintiff Granzella a notice of case closure, informing her that the file had been closed but referring her to the previously issued right-to-sue notice and again noting that "[t]he civil action must be filed within one year from the date of the Right-To-Sue Notice." *Id.*, Ex. E. Plaintiff Granzella filed her state-court complaint on December 30, 2013. *Id.*, Ex. C.

The California Government Code requires that a plaintiff bring a civil action "within one year from the date of" issuance of the right-to-sue notice. CAL. GOV'T CODE § 12965(b). Plaintiff Granzella concedes that "her claims were filed outside of the statute of limitations." Opp'n at 8. As such, plaintiff Granzella may proceed on her claims only if she "present[ed in her pleadings] . . . facts that would warrant equitable tolling of the limitations period." *Rucker*, 462 F. App'x at 763.

In the complaint, plaintiff Granzella "maintains that under the doctrine of equitable estoppel [sic], the statute of limitations . . . is tolled due to wrongful conduct by defendants and plaintiff's excusable ignorance of the existence of a claim within the statute of limitations period and lack of prejudice to defendants." Compl. ¶ 42. She does not, however, adduce any facts to support these claims. Thus, even with the court's inference that plaintiff Granzella refers to equitable tolling, not equitable estoppel, these conclusory statements are insufficient to survive a motion to dismiss. *See Rucker*, 462 F. App'x at 763; *see also Ashcroft*, 556 U.S. at 678. Nonetheless, as they have not previously amended the complaint before this court, plaintiffs are granted leave to amend. *See* FED. R. CIV. P. 15(a) (requiring courts to grant leave to amend where "justice so requires"); *see also Lima*, 2010 WL 144810, at *4.

Having found both of plaintiff Granzella's claims subject to dismissal, the court declines to address defendants' remaining arguments. Plaintiff Granzella's claims are dismissed with leave to amend.

### B. Plaintiff Deluca's Claim

Defendants next argue plaintiff Deluca's claim must be dismissed because she lacks standing and has not exhausted administrative remedies. Mot. at 9. Plaintiff Deluca responds that she has "an [i]mminent and [c]oncrete [t]hreat of [h]arm" and that she had "no need to seek a DFEH filing . . . ." Opp'n at 9–10.

Article III's "case or controversy" language imposes on "the party invoking federal jurisdiction," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), the burden of establishing constitutional standing. *Clapper v. Amnesty Int'l, USA*, __ U.S. __, 133 S. Ct. 1138, 1146 (2013). To do so, a plaintiff must show injury that is "[(1)] concrete, particularized, and actual or imminent; [(2)] fairly traceable to the challenged action; and [(3)] redressable by a favorable ruling." *Id.* at 1147 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, ___, 130 S. Ct. 2743, 2752 (2010)). "[T]he irreducible constitutional minimum" requires that "the plaintiff suffer[] . . . invasion of a legally protected interest." *Lujan*, 504 U.S. at 560.

When seeking an injunction, a plaintiff must "establish the basic requisites of the issuance of equitable relief[:] . . . [(1)] the likelihood of substantial and immediate irreparable injury, and [(2)] the inadequacy of remedies at law." *City of L.A. v. Lyons*, 461 U.S. 95, 103 (1983) (citation and internal quotation marks omitted). The requisite likelihood of injury is satisfied only upon a showing of "a very significant possibility of future harm." *Mortensen v. Cnty. of Sacramento*, 368 F.3d 1082, 1086 (9th Cir. 2004) (citation and internal quotation marks omitted).

Although true that "'in an injunctive case[, the] court need not address [the] standing of each plaintiff if it concludes that one plaintiff has standing,'" *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013) (quoting *Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 522 (9th Cir. 2009)), here, plaintiff Deluca is the only plaintiff seeking injunctive relief. She must, therefore, independently establish standing. *See id.*; *accord Carey v. Population Servs., Int'l*, 431 U.S. 678, 681–82 (1977) (holding standing of one plaintiff sufficient to confer jurisdiction over all plaintiffs where all plaintiffs

sought injunctive relief); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 (1977) (same).

Here, plaintiff Deluca avers in the complaint that she is "threatened with the legal harm of termination under Defendants' corporate policy, the 45-day automatic termination policy." Compl. ¶ 46. To support this assertion, she recounts that she "has missed work days due to illness" in the past but has managed to "return[] to work within 45-days [sic] and . . . work[] consecutive hours during a 45-day period." *Id.* But, she says, she "could sustain a work-related injury, obtain a medical work release with a lifting restriction, present that to [defendants], and be denied a return to work." *Id.* As an example of a "[s]erious medical problem[ or] . . . workplace injur[y that could] happen at any time," plaintiff Deluca cites "[a]n appendectomy." Opp'n at 9. She does not allege that she has suffered or presently suffers any injury.

Plaintiff Deluca has not established standing. Her unsubstantiated assertions of misfortunes that "could" befall her are insufficient as a matter of law to "show that [she] has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct . . . ." *Lyons*, 461 U.S. at 102 (citations and internal quotation marks omitted); *see also O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). Likewise, her conclusory allegations that the injuries suffered would be "irreparable" and that legal remedies would be inadequate, Compl. ¶ 60, are devoid of factual support and, therefore, legally insufficient. *Lyons*, 461 U.S. at 103 ("[C]ase or controversy considerations 'obviously shade into those determining whether the complaint states a sound basis for equitable relief . . . .'" (quoting *O'Shea*, 414 U.S. at 499)).

Because plaintiff Deluca lacks standing, this court does not have jurisdiction over her claims. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990). As this action was removed from state court, plaintiff Deluca's claim is remanded. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the [removed] case shall be remanded.").

/////

IV. CONCLUSION

As set forth above, the court GRANTS defendants' motion to dismiss. Plaintiff Granzella's claims are dismissed with leave to amend her claim to benefit from equitable tolling of the FEHA statute of limitations, if she is able to amend while complying fully with Federal Rule of Civil Procedure 11. The amended complaint is to be filed within thirty days of the date of this order.

Plaintiff Deluca's claim is REMANDED to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: April 23, 2014.

_____
UNITED STATES DISTRICT JUDGE